## Eugene Lanksford and Minnie Lanksford, Appellees, v. Charles Cruse, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. WIL-LIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Eugene Lanksford and Minnie Lanksford, plaintiffs, against Charles Cruse, defendant, to recover for the price of a stove sold by defendant to plaintiffs. From a judgment for plaintiffs for $40, defendant appeals.

W. G. WILSON and NOLEMAN & SMITH, for appellant.

CHARLES H. HOLT, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 275*—*what are rights of vendee as to returning goods in case of breach of warranty.* In the case of an executed contract of sale of personalty, the rule is that unless the contract gives the vendee the right to return the property then, in case of a breach of the warranty, he must retain it and sue for damages, unless the vendor was guilty of fraud or deceit.

2. SALES, § 402*—*when instruction on vendee's remedies for breach of warranty is inapplicable to facts.* In an action to recover the price of a stove purchased by plaintiffs from the defendant, where there was a failure of warranty, *held* that a requested instruction which told the jury that a warranty was not part of a contract of sale, except as a part of the consideration received for the price paid, and that the vendee's remedy upon a sale was on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lanksford et al. v. Cruse, 206 Ill. App. 346.

the warranty, without which he had none, and his right of recovery was limited to the amount of depreciation due to the breach, and he could not lawfully compel the vendor to take back the property and return the price paid, was not a correct statement of the law applicable to the facts, as the contract in question by its terms gave the vendee the right to return the property in case of a breach of the warranty.

3. PAYMENT, § 3*—*what constitutes.* In an action to recover the price of a stove purchased by plaintiffs from the defendant, where there was a failure of warranty, and the refusal of an instruction was complained of, which told the jury that if the defendant made a payment of part of the purchase price after having complained of the stove he could not recover, *held* that although such part payment consisted of the turning over of an account at the time of the purchase, it constituted a payment of the amount thereof on the stove, regardless of when the account was paid.

4. INSTRUCTIONS, § 480*—*what is province of court as to announcing theory of party and instructing accordingly.* It is not error for the court at the request of a party to state to the jury the theory upon which a case is being tried and then announce the law applicable to such theory, and it is the province of the jury to decide whether one theory or another is sustained by the evidence under the law announced by the court.

5. SALES, § 401*—*when evidence is sufficient to sustain finding for plaintiff on issue of noncompliance with warranty.* In an action to recover the price of a stove purchased by plaintiffs from the defendant, where a failure of warranty was claimed, and it appeared that the stove was to be returned if not as warranted, but the testimony was conflicting as to the nature of the warranty, *held* that it was for the jury to say which warranty was in fact made, and whether the stove complied therewith, and that the finding of the jury in favor of plaintiff should not be disturbed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.